UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CONSTANTINE,

      Plaintiff,

v.                                                           Case No.:  2:26-cv-517-SPC-DNF

SHERIFF WILLIAM PRUMELL *et al.*,

      Defendants.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Sandra Constantine's Complaint (Doc. 1), which she filed as a pretrial detainee in Charlotte County Jail.  She is proceeding *in forma pauperis*, so the Court must review the complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Constantine accuses several Charlotte County Jail officials of conspiring to deny her constitutional right to access the courts, but she falls far short of stating a plausible claim. Most of her handwritten 23-page complaint is legal argument. Her only relevant factual allegation is that she was limited to five sheets of paper, two stamped envelopes, and one pen per month.

State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). To state an access-to-the-courts claim, a detainee must show actual injury—*i.e.*, that the defendant's conduct "hindered h[er] efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that h[er] prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered h[er] efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff

must show that officials "hindered h[er] efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

Constantine fails to state an access-to-court claim because she does not identify a nonfrivolous claim or defense and explain how the defendants hindered it. Her vague allegation that she did not receive enough writing materials is not enough. The Court will dismiss Constantine's complaint for failure to state a claim and give her an opportunity to amend. If Constantine files an amended complaint, she must state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And she must use the Court's standard form. *See* M.D. Fla. 6.04(a) ("A pro se person in custody must use the standard form…to file…a complaint").

Accordingly, it is

**ORDERED:**

Sandra Constantine's Complaint (Doc. 1) is **DISMISSED without prejudice**.

1. The Clerk is **DIRECTED** to send Constantine a civil-rights complaint form.

4

   **2.** Constantine may file an amended complaint by **April 15, 2026**.

**Otherwise, the Court will close this case without further notice.**

   **DONE** and **ORDERED** in Fort Myers, Florida on March 26, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties of Record